## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00732-CMA-MJW

Pilar Glinisty, an individual, and
Anastasia Glinisty, an individual,

    Plaintiffs,

vs.

IKON Office Solutions, Inc.,

    Defendant.

---

## PROTECTIVE ORDER ( Docket No. 12-2 )

This Stipulation and Protective Order Regarding Disclosure of "Confidential

Information" ("Protective Order") is entered by the Court, pursuant to Fed. R. Civ. P. 26(c):

  1. This Protective Order shall apply to all documents, materials, and

information, including without limitation, documents produced, answers to

interrogatories, responses to requests for admission, deposition testimony, and other

information disclosed pursuant to the disclosure or discovery duties created by the

Federal Rules of Civil Procedure.

  2. As used in this Protective Order, "document" is defined as provided in Fed. R.

Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this

term.

3.     Information designated "CONFIDENTIAL" may include information that is confidential and implicates common law or statutory privacy interests.  "Confidential Information" will include any document, testimony, or response to a discovery request, including any extract abstract, chart, summary, recording, transcription, note, or copy made therefrom, designated as such by Plaintiffs or Defendant.  Any party may designate such information as "Confidential Information" that the party in good faith believes meets the standards for protection set forth in Fed. R. Civ. P. 26(c).

CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.  Notwithstanding the foregoing sentence, the fact that documents are designated as "Confidential Information" under this Order will not affect any party's right to permit material that is designated solely by that party as "Confidential Information" to be revealed to, discussed with, viewed by, or disclosed to anyone that it wishes.  This Stipulation and Protective Order will not affect any party's freedom to deal with its own documents in the manner of its choosing.

4.     CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

        (a)     attorneys actively working on this case;

        (b)     persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

        (c)     representatives of the parties;

(d)     expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e)     the Court and its employees ("Court Personnel");

(f)     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)     deponents, witnesses, or potential witnesses; and

(h)     other persons by written agreement of the parties.

5.     Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6.     Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" or other abbreviated form of the word. Electronic documents may be designated as CONFIDENTIAL by putting them on a CD labeled as "CONFIDENTIAL."

7.     Information may be designated as "Confidential Information" as follows:

(a) Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL. Such

designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days following receipt of the transcribed testimony.

(b) With respect to information which has previously been disclosed, by giving written notice to opposing counsel designating the specific information as confidential within fifteen (15) days of the date the information was disclosed or within fifteen (15) days after the Court approves this Protective Order, whichever is later; and

(c) With respect to testimony that is not transcribed, by giving written notice to opposing counsel designating such portions as confidential no later than thirty (30) days after the testimony is given.

8.    Any CONFIDENTIAL information filed with the Court shall be filed under seal consistent with D.C.Colo.L.Civ.R. 7.2 and 7.3. Parties designating documents as CONFIDENTIAL represent that such documents contain information in which there is a legitimate private or public interest, as referenced in D.C.Colo.L.Civ.R. 7.2(B)(2). Other Parties may reasonably rely on said representation in seeking to comply with D.C.Colo.L.Civ.R. 7.2(B)(2) when filing a Motion to Seal under said rule.

9.    A party may object to the designation of particular CONFIDENTIAL information on the record during a deposition or by giving written notice to the party designating the disputed information within fifteen (15) days of the nondesignating party's receipt of the disputed information. The written notice shall identify the information to which the objection is

-4-

made. If the parties cannot resolve the objection within ten (10) business days after such objection is made, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.

10.     At the conclusion of this case, including any appeals, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents, except that counsel may retain one copy of such CONFIDENTIAL documents to maintain a complete file. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction. Any retained documents remain subject to the terms and conditions of this protective order, and shall not be disclosed or used, without the consent of the party producing such documents or further Order of the Court, except as described herein. This protective order will remain in effect after the completion of the case.

Dated: June 29 , 2009.

BY THE COURT:

MICHAEL J. WATANABE
UNITED STATES MAGISTRATE JUDGE

4551927_1.DOC

-6-